Entered: February 18th, 2020
Signed: February 14th, 2020

**SO ORDERED**

PROVIDED, HOWEVER, that any loan modification or other agreement with respect to loss mitigation shall be non-recourse as to the debtor unless included in a reaffirmation agreement. THIS ORDER DOES NOT AUTHORIZE A DEED IN LIEU OF FORECLOSURE SO LONG AS THE PROPERTY REMAINS PROPERTY OF THE BANKRUPTCY ESTATE.



DAVID E. RICE
U. S. BANKRUPTCY JUDGE

<br>

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### AT BALTIMORE

In Re:   Kim M. Knight                          Case No. 19-20370 - DER
                                                Chapter 13

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

U.S. BANK TRUST NATIONAL
ASSOCIATION, AS TRUSTEE OF THE
LODGE SERIES III TRUST, Movant (BSI
Financial Services, Inc.), Servicer

vs.

Kim M. Knight, Debtor
                    Respondent(s)

**AGREED ORDER AND STIPULATION MODIFYING AUTOMATIC STAY**

The Movant, U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE LODGE SERIES III TRUST, Movant (BSI Financial Services, Inc.), Servicer by its

19-603461

attorney, Kevin Feig, Esq., and the Debtors, Kim M. Knight by their attorney, Jeffrey M. Sirody, do hereby consent to the following:

1.      The Automatic Stay of 11 U.S.C. §362 and 11 U.S.C. §1301 (if applicable) are hereby terminated.  Movant agrees to forbear provided Debtor(s) comply(ies) with the terms of this Order.

2.      The Debtor(s) shall cure the post-petition arrears due of approximately $6,048.60, which include: payment(s) in the amount of $969.60 for the month(s) of October 2019 through February 2020 and current bankruptcy fees and costs in the amount of $1,231.00.  The Debtor(s) will make "additional" monthly payments of $1,008.10 commencing in **March 2020** and continuing each month thereafter for a total of six (6) months until the arrears are paid in full. **The "additional" payments must be received by the 15th day of the month.**  Note:  Should the Debtors provide sufficient proof of payments made but not yet credited by Movant, the above arrears will be adjusted accordingly.

3.      Commencing, in **March 2020** the Debtor(s) shall resume making the regular monthly payments of $969.60, or as adjusted for interest rate or escrow changes and shall continue to be bound by all other provisions in the Note and Deed of Trust.  The regular payments are due on the 1st day of the month with a late charge assessed after the 15th.

4.      All payments tendered in accordance with this Order should be sent directly to U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE LODGE SERIES III TRUST, Movant at BSI Financial Services, Inc., 314 S Franklin St. P.O. Box 517, Titusville, Pennsylvania, 16354.

5.      Should the Debtor(s) default under Paragraph 2 or 3 herein, or should any payment be returned for insufficient funds, the Movant may file with the court and mail to the Debtor(s) and Debtor(s) attorney a Notice of Default and Notice of Termination of Automatic Stay.  Should the Debtor(s) then fail to cure the default including any amounts which have become due between the execution of the Notice and the expiration of the cure period, within ten (10) days from the date of the filing of the Notice, and/or should the Debtor(s) fail to file an opposition to the Default Notice pursuant to Bankruptcy Rule 4001(a)(3), the forbearance shall terminate without further court action and without further court order.  Should the Debtor(s) file an Objection, Response or Motion to Strike the Notice of Default, the Debtor(s) shall bear the burden of proof as to the inaccuracy of the Notice. **Any payment(s) tendered to cure a default arising under the provisions of this consent agreement must be in the form of certified or cashier's check or money orders.**  Acceptance of a partial payment shall not be deemed to be a waiver of the termination of the forbearance as provided herein. If the Debtor(s) fail to cure the default noted, the Noteholder may proceed to enforce its rights, including but not limited to foreclosure, under the provisions of the Deed of Trust recorded among the land records of Anne Arundel County, Maryland, at Liber 20583 and folio 308 and which is secured by the property of the Debtor(s) located at **1112 Commanders Way S., Annapolis, Maryland 21409**.  The additional stay provided by Bankruptcy Rule 4001(a)(3) is hereby waived.

6.      Should there be more than two (2) defaults in payment as provided in this

agreement, there shall be no ten day "cure period"; the Movant shall file the Notice of Default with the court and mail copies to the Debtor(s) and Debtor(s') attorney and the forbearance shall be terminated at the filing thereof without any further Court Order.  Movant may proceed with collection and/or foreclosure actions immediately.

7.      This agreement shall be and become null and void on the termination of this bankruptcy proceeding.  Should the Debtor(s) convert to a Chapter 7 proceeding, the forbearance shall be immediately terminated and the repayment provisions herein shall be and become null and void.  This agreement shall apply to proceedings for possession of the real property after the foreclosure sale and shall apply to successors and/or assigns of Movant.

8.      The Movant and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement and/or loan modification or other loan workout/loss mitigation agreement which does not otherwise require court approval. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement.


SEEN AND APPROVED:


*/s/ Kevin Feig, Esq. (kf)*
Kevin Feig, Esq.
Attorney for Movant
Bar No. 15202
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, Suite 800
Laurel, MD 20707
301-490-1196
bankruptcymd@mwc-law.com

/s/ Jeffrey M. Sirody
Jeffrey M. Sirody
Attorney for Debtor
Jeffrey M. Sirody and Associates, P.A.
1777 Reisterstown Road
Suite 360 E
Baltimore, Maryland  21208
smeyers5@hotmail.com


I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the court are identical to those set forth in the original consent order; and the signatures represented by the /s/_____ on the copy of the consent order submitted to the Court reference the signatures of consenting parties obtained on the original consent order.


19-603461

*/s/ Kevin Feig, Esq.*
Kevin Feig, Esq.


Copies to:

Kim M. Knight
1112 Commanders Way South
Annapolis, Maryland  21409


Copies were sent electronically via the CM/ECF system to Jeffrey M. Sirody, Attorney for Debtor
at smeyers5@hotmail.com and Rebecca A. Herr, Chapter 13 Trustee at ecf@ch13md.com.


**End of Order**